UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice I. Williams, # 215188, *a.k.a. Maurice Ivan Williams,*  Plaintiff,  vs.  Brenda Ingram Miller; Anthony Whittenington; Annie McCormick Sellers; Lt. Connie Taylor; Willie L. Eagleton; Jim Bailey; Major West; Mr. Hudson; Dennis Patterson; J. Bethea; and Ms. Redferm Miller,  Defendants. | C/A No. 9:12-01243-RBH-BM  REPORT AND RECOMMENDATION |

Plaintiff Maurice Ivan Williams, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Lee Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff seeks monetary damages and injunctive relief for alleged constitutional violations associated with a prison disciplinary hearing. ECF No. 1, pages 3, 6.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, as Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson*



*v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth herein below that the *pro se* Amended Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

Plaintiff initially submitted a letter to the Court alleging due process violations associated with a prison disciplinary hearing and conviction. ECF No. 1. The Court construed Plaintiff's pleading as a Complaint and issued an order directing Plaintiff to bring this case into proper form for initial review and possible service of process. ECF No 7. The Court issued a second order on August 2, 2012, providing Plaintiff additional time to provide the documents necessary for initial review of this case. ECF No. 14. Plaintiff has complied with the Orders and has submitted an Amended Complaint. ECF No. 16.

The Amended Complaint indicates that, on November 4, 2011, Brenda Ingram Miller knowingly issued "a 'false charge' against the Plaintiff" for "soliciting improper relationships from an SCDC officer." *Id.* at pages 4, 5. Thereafter, defendant Anthony Whittenington, "the supervisor on duty forwarded this matter to the Major without investigating the facts." *Id.* at 4. Defendant Major West allegedly referred the "false" disciplinary charge to the disciplinary hearing officer (DHO) on November 7, 2011, "without investigating the facts." *Id.* at 4, 5. The Amended Complaint states that defendant Mr. Hudson represented Plaintiff during the disciplinary hearing on

2



November 14, 2011, but "did not investigate the facts and prepared [sic] no defense for the Plaintiff." *Id.* at 4. Mrs. Annie McCormick Sellers is named as the DHO which found Plaintiff guilty, "without proper evidence" of soliciting an officer. *Id.* Plaintiff alleges that "Lt. Connie Taylor wrote a false statement in this matter" to support defendant Miller's "false charge." *Id.* at 5.

At the time of the disciplinary hearing, Plaintiff states that he was employed "at the Evans Prison Industries making $7.25 an hour." *Id.* However, Mr. Jim Bailey terminated Plaintiff's prison job on November 14, 2011. *Id.* The Amended Complaint alleges that defendant Bailey should not have terminated Plaintiff's job prior to a final decision by the State Administrative Law Court. *Id.* Plaintiff filed a Step One grievance regarding the disciplinary conviction and job loss to Warden Willie L. Eagleton. *Id.* Ms. Redferm Miller, grievance clerk, "upheld the illegal conviction of the Plaintiff." *Id.* Plaintiff filed a Step Two grievance to Mr. Dennis Patterson, who "denied it without proper supporting evidence." *Id.* Plaintiff alleges that his institutional conviction was "overturned," however, Mr. J. Bethea failed to inform Plaintiff of that fact. *Id.* Plaintiff seeks monetary damages and "an injunction to SCDC to pay me for 'all' of my lost wages." *Id.* at 6.

## Discussion

The Amended Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

3



(2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Amended Complaint alleges that each of the defendants, acting under color of state law, violated Plaintiff's right to due process under the Fourteenth Amendment of the United States Constitution. ECF No. 1, page 2. It is true that disciplinary proceedings which implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). However, to prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir.1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

In the case *sub judice*, Plaintiff has made no allegations or representations to the Court that he lost any good-time credits as a result of the disciplinary action, or that his disciplinary conviction resulted in an increase in the sentence imposed. Further, while Plaintiff makes a blanket allegation of "cruel and unusual punishment" in violation of the Eighth Amendment of the United States Constitution, ECF No. 1 at 2, he provides no facts to demonstrate that the disciplinary conviction resulted in conditions of confinement which were atypical and/or a significant hardship in relation to ordinary prison life. As such Plaintiff has failed to show that the defendants' actions enhanced Plaintiff's sentence in such a way as to implicate a protected liberty interest, and give rise to the



protection of the Due Process Clause by its own force. *See, e.g., Beverati*, 120 F.3d at 502 (4th Cir.1997).

Instead, Plaintiff complains that the allegedly false disciplinary conviction resulted in the loss of Plaintiff's prison industries job and wages therefrom. However, the Fourth Circuit has found that prisoners have no entitlement to, or protected liberty interest in, prison employment. *See Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978)(work assignments are generally within the discretion of the prison administrator); *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D. Va. 1997)(prisoner did not have a protected interest in continued employment). *See also O'Bar v. Pinion*, 953 F.2d 74, 85–86 (4th Cir. 1991)(removing inmate from work release program did not violate his constitutional rights)*;* *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986)(no constitutional property interest in prison employment); *Adams v. James*, 784 F.2d 1077, 1079 (11th Cir. 1986)(same); *Manning v. Lockhart*, 623 F.2d 536, 538 (8th Cir. 1980)(concluding inmate's claim regarding non-payment of wages warrants no relief under 42 U.S.C. § 1983). As Plaintiff fails to demonstrate that his disciplinary conviction implicates a protected liberty interest, or that his punishment resulted in an atypical hardship, Plaintiff's due process claim is subject to summary dismissal.

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the Amended Complaint *without prejudice* and without service of process.

September 20, 2012  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

